LARIVIERE, GRUBMAN & PAYNE, LLP
Robert W. Payne, Esq. (Bar No. 073901)
Scott J. Allen, Esq. (Bar No. 178925)
Christopher J. Passarelli (Bar No. 241174)
Post Office Box 3140
19 Upper Ragsdale Drive
Monterey, CA 93942-3140
Telephone: (831) 649-8800
Facsimile: (831) 649-8835

Attorneys for Plaintiff
MONSTER CABLE PRODUCTS, INC.

ADR

E-filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONSTER CABLE PRODUCTS, INC., a California corporation,

   Plaintiff,

vs.

ROCKFORD CORP., an Arizona corporation, AND

DOES 1-10 INCLUSIVE,

   Defendants.

) Case No:
) CV10-03628
) COMPLAINT FOR TRADE DRESS
) AND COPYRIGHT INFRINGEMENT
)
) JURY TRIAL DEMANDED
)
)
)
)
)
)
)

   Plaintiff, Monster Cable Products, Inc. ("Monster"), brings this action against defendants, and each of them, as follows:

**JURISDICTION AND VENUE**

   1.   This action arises, inter alia, under 15 U.S.C. §1125 et seq. and 17 U.S.C. §101 et seq. Jurisdiction is therefore proper under 28 U.S.C. § 1331. Jurisdiction is also proper under 28 U.S.C. § 1332.

Complaint
Monster Cable Products, Inc. v. Rockford Corp., et al.

1

2. Supplemental jurisdiction of this Court exists for the state law claims stated herein, each of which arise out of a common nucleus of operative facts with those from which the federal claims arise.

3. Venue in this judicial district is proper under 28 U.S.C. §1391 (b) and (c). Defendants have on a continual basis committed infringing acts alleged below within the District of this Court, in business interactions purposefully elicited by defendants with or directed to residents of said District, including, inter alia, actively soliciting and causing infringing and other wrongful sales directed into the District as well as directing internet website advertising and promotion and other promotion and advertising within and toward this District.

## THE PARTIES

4. Plaintiff Monster Cable Products, Inc. ("Monster") is a corporation existing under the laws of California, with its principal place of business in Brisbane, California.

5. Plaintiff is informed and believes, and based thereon alleges, that defendant Rockford Corp. ("Rockford") is a corporation existing under the laws of Arizona having its principal place of business at 600 S. Rockford Drive, Tempe, Arizona 85281.

6. Upon information and belief, defendants Doe 1 through 10 are agents and alter egos of defendant Rockford. On information and belief, there exists and existed at all relevant times herein a commonality of decision making between them such that Rockford exercised complete domination and control of said Does, and the companies were operated in all essential aspects as one corporation and enterprise.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

7. Since 1978, plaintiff Monster has been doing business in the United States, designing, manufacturing, and selling, among various other products, a broad array of electronic

Complaint
Monster Cable Products, Inc. v. Rockford Corp., et al.

2

products and accessories, with a particular focus on superior cables for high-end audio and video components.

8. Monster is now the world's leading manufacturer of high performance cables that connect audio/video components for home, car and professional use.

9. Among other things, Monster is known for its flat wire cables in connection with audio external headphones and in-ear headphones.

10. Monster's flat wire cables are creative expressions, distinctive, and source – indicative. A photograph depicting such flat wire cables in connection with an earphone product is depicted below.



11. Rockford sells in-ear headphones, including one or more lines incorporating a flat wire cable. The flat wire cable used by Rockford is substantially similar to Monster's own flat wire cable design. A photograph of a Rockford's products, incorporating a flat wire cable, is depicted below.

Complaint
Monster Cable Products, Inc. v. Rockford Corp., et al.

3



## COUNT I

### TRADE DRESS INFRINGEMENT

12. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

13. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits conduct that constitutes a false designation of origin, a false or misleading description of fact, and/or a false or misleading representation of fact which is likely to cause confusion.

14. Monster is a pioneer in designing, manufacturing, and marketing high-quality cables and its distinctive designs are understood by consumers to be indicative of a Monster product. By selling products with flat wire cable that copy Monster's unique design defendants have misappropriated Monster's trade dress and falsely represented the origin of the relevant products, among other things, in violation of Section 43(a) of the Lanham Act.

15. The aforesaid acts are intended to and likely to cause confusion in the marketplace as to the source, sponsorship, affiliation or authorization of the products being offered and distributed by defendants.

Complaint
Monster Cable Products, Inc. v. Rockford Corp., et al.

4

16. Plaintiff has been damaged in an unascertained amount and will seek leave to amend this Complaint when the sum has been ascertained.

17. On information and belief, plaintiff alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon plaintiff's goodwill and business reputation, with knowledge of the lack of right to do so.

Wherefore, plaintiff prays for judgment as hereafter set forth.

## COUNT II

### COPYRIGHT INFRINGEMENT

18. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

19. Defendants have infringed plaintiff's copyrights by copying the creative sculptural characteristics of plaintiff's flat wire cable without permission. Defendants are competitors and have access to plaintiff's designs through the normal channels of commerce. The striking similarity between plaintiff's and defendants' design indicates that defendants copied the design of plaintiff's design.

20. Plaintiff has filed an application for copyright registration of its flat wire cable and will seek leave of the Court to amend this Complaint with the registration number once said registration issues.

21. Plaintiff has been damaged in an unascertained amount and will seek leave to amend this Complaint when the sum has been ascertained.

22. On information and belief, plaintiff alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon plaintiff's goodwill and business reputation, with knowledge of the lack of right to do so.

Complaint
Monster Cable Products, Inc. v. Rockford Corp., et al.

5

Wherefore, plaintiff prays for judgment as hereafter set forth.

## COUNT III

### UNFAIR COMPETITION
### (15 U.S.C. §1125(a))

23. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

24. Defendants' aforesaid acts constitute unfair competition under 15 U.S.C. §1125(a). Defendants' use of flat wire cable for its products is likely to cause confusion, mistake, and deception among consumers. Defendants' unfair competition has caused and will continue to cause damage to Monster Cable, and is causing irreparable harm for which there is no adequate remedy at law.

25. Plaintiff has been damaged in an unascertained amount and will seek leave to amend this Complaint when the sum has been ascertained.

26. On information and belief, plaintiff alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon plaintiff's goodwill and business reputation, with knowledge of the lack of right to do so.

Wherefore, plaintiff prays for judgment as hereafter set forth.

## COUNT IV

### FALSE ADVERTISING
### (15 U.S.C. §1125(a)(1)(B))

27. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

28. Defendants' commercial advertising and promotion of the aforesaid infringing products using Plaintiff's flat wire cable design includes Defendants' claim of rights to a

Complaint
Monster Cable Products, Inc. v. Rockford Corp., et al.

"proprietary" flat cable design. On information and belief, Defendants have no valid claim of proprietary right to such design.

29. On information and belief, Defendants' aforesaid acts and advertising claims constitute false advertising under 15 U.S.C. §1125(a)(1)(B). Plaintiff has suffered injury in fact by Defendants' actions.

30. Plaintiff has been damaged in an unascertained amount and will seek leave to amend this Complaint when the sum has been ascertained.

31. On information and belief, plaintiff alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon plaintiff's goodwill and business reputation, with knowledge of the lack of right to do so.

Wherefore, plaintiff prays for judgment as hereafter set forth.

### COUNT V

### STATE UNFAIR BUSINESS PRACTICES
(Cal. Bus. & Prof. Code §17200, et seq.)

32. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

33. The actions of Defendants as described hereinabove constitute unfair business practices under California Bus. & Prof. Code §17200, et seq. Plaintiff has suffered injury in fact by Defendants' actions.

34. Plaintiff has been damaged in an unascertained amount and will seek leave to amend this Complaint when the sum has been ascertained.

35. As a direct and proximate result of said unfair competition, Plaintiff has been damaged and defendant has been unjustly enriched in an uncertained amount, and said damages will continue without adequate remedy at law unless Defendant is enjoined by the Court.

Complaint
Monster Cable Products, Inc. v. Rockford Corp., et al.

Wherefore, plaintiff prays for judgment as hereafter set forth.

## COUNT VI

### INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

36. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

37. By the aforesaid acts, Defendants are interfering with Plaintiff's prospective business advantage and advantageous relationships with actual and prospective licensees without justification, thereby causing damage to Plaintiff.

38. Plaintiff has been damaged in an unascertained amount and will seek leave to amend this Complaint when the sum has been ascertained.

39. On information and belief, Plaintiff alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon plaintiff's goodwill and business reputation, with knowledge of the lack of right to do so, and said acts have caused Plaintiff damage.

WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

### **PRAYER FOR RELIEF**

Wherefore, plaintiff prays for judgment as follows:

1. For damages, including defendants' profits, disgorgement, restitution or other compensation or monetary remedy, according to proof;

2. For punitive, exemplary and/or treble damages, according to proof;

3. For an award of attorneys' fees and costs;

4. For preliminary and permanent injunctive relief, enjoining defendants, and each of them, from continuing to engage in the practice of unauthorized sales and infringement of Monster's trade dress and copyright rights.

Complaint
Monster Cable Products, Inc. v. Rockford Corp., et al.

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38 and Civil L.R. 3-6, Plaintiff Monster Cable Products, Inc. demands a jury trial on all issues triable to a jury.

Dated: August 16, 2010

LARIVIERE, GRUBMAN & PAYNE, LLP

By: /s/ Robert W. Payne
Robert W. Payne
Attorneys for Plaintiff
MONSTER CABLE PRODUCTS, INC.

Complaint
Monster Cable Products, Inc. v. Rockford Corp., et al.

9